UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

IN THE MATTER OF THE SEARCH OF:

5075 JERICHO ROAD, COLUMBIA, MARYLAND 21044; and

414 WATER STREET, UNIT 1801, BALTIMORE, MARYLAND 21201

Case No. 13-2917 BPG
13-2918 BPG

UNDER SEAL

FILED ___ ENTERED
LODGED ___ RECEIVED

JAN - 6 2014

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## GOVERNMENT'S MOTION TO SEAL

Comes now the United States of America, by and through its Attorneys, Arthur G. Wyatt, Chief of the Narcotic and Dangerous Drug Section, Criminal Division, United States Department of Justice and Adrián Rosales, Trial Attorney for said office, and hereby moves this Honorable Court for an Order sealing the affidavit and accompanying attachments submitted in connection with the above-referenced search warrants and in support thereof states:

1. On December 4, 2013, United States Magistrate Beth P. Gesner authorized the execution of separate search warrants upon the above-captioned properties.

2. The affidavit submitted in support of the above-referenced search warrants contains information regarding an ongoing investigation relative to alleged violations of 18 U.S.C. § 1956, 21 U.S.C. §§ 959, and 31 U.S.C. § 5324. At this time, the targets are unaware of any indictments or investigations against them. The investigation involves an international drug trafficking and money laundering organization with members in the United States, Colombia and elsewhere.

3. To seal an affidavit for a search warrant, the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal and (2)

there is no less restrictive means, such as redaction, available. *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584 (D. Md. 2004).

4. The affidavit sets forth some significant information concerning the investigation, including information received from cooperating witnesses and cooperating sources. Because of the violent nature of international drug trafficking organizations, the government needs an opportunity to assure the safety of its cooperating witnesses, cooperating sources and their families in the United States and in foreign countries. The government also needs to provide law enforcement with an opportunity to apprehend several fugitive defendants located in the United States and Colombia. Thus, disclosure of the affidavit could compromise this investigation and the safety of the government's cooperating witnesses, cooperating sources and their families. In addition, because the affidavit relies extensively on information provided cooperating witnesses, cooperating sources and wire intercepts, no less restrictive means, such as redaction, are available.

5. The procedures for sealing are set forth in *Baltimore Sun Co. v. Goetz*, 886 F.2d 60 (4th Cir. 1989). "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing." *Id.* at 65. This motion and the Court's reasons for sealing should also be sealed. *Id.* Notice of the sealing is required, but the notice requirement is satisfied by the docketing of the order sealing the documents. *Id.*

WHEREFORE, the government respectfully requests that the affidavit and attachments submitted in support of the application for the search warrants in this matter, along with this motion and the Court's reasons for sealing, if made express in the order, be placed under seal for 90 days.

Respectfully submitted,

ARTHUR G. WYATT
Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By: */s/ Adrián Rosales*
Adrián Rosales
Trial Attorney
145 N Street, Northeast
Second Floor, East Wing
Washington, D.C. 20530
202-598-2281